IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE GULLY, JR, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>DEANNA BROOKHART, *et al.*, )<br>)<br>  Defendants. ) | Case No. 22-cv-2816-RJD |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 46) and Motion to Object to Improper Discovery Request (Doc. 47). For the reasons set forth below, Plaintiff's Motion to Appoint Counsel (Doc. 46) is **DENIED** without prejudice, and Plaintiff's Motion to Object to Improper Discovery Request (Doc. 47) is **GRANTED**.

**Plaintiff's Motion to Appoint Counsel (Doc. 46)**

While there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

In his affidavit in support of his motion, Plaintiff states that he reached out to seven attorneys to represent him in this matter to no avail. (Doc. 46 at 4). He attaches to his motion only one response letter from Equip for Equality, dated July 25, 2023, declining representation. The Court finds that Plaintiff has not satisfied the first prong of the test in that he does not provide any details about the names of the law firms he reached out to and the relevant dates.

Even assuming the Plaintiff had demonstrated a reasonable attempt to independently retain counsel, the Court finds that Plaintiff's motion also fails under the second prong of the test. Plaintiff proceeds on three counts: a First Amendment claim of retaliation against Defendant Addleberry for adding a disciplinary infraction to his disciplinary report and for the outcome of the disciplinary proceeding, an Eight Amendment claim of deliberate indifference against Defendant Trotter, a Qualified Mental Health Professional at Lawrence Correctional Center, for the handling of Plaintiff's mental health and suicidal behavior, and a claim of intentional infliction of emotional distress against Defendants Addleberry and Trotter. (Doc. 19, 5-6 & 14). The Seventh Circuit has noted that "[a]s the case moves beyond the pleading stage, into discovery, and closer to trial, plaintiffs in deliberate indifference cases "face an increasingly complex set of demands" in that they have to identify and present the right type of evidence to demonstrate defendants' state of mind. *McCaa v. Hamilton*, 893 F.3d 1027, 1032 (7th Cir. 2018) (citation and quotation marks omitted). At the same time, "[w]hile some state-of-mind issues may involve subtle questions too complex for pro se litigants, the Seventh Circuit has rejected the proposition "that state-of-mind questions are categorically too difficult for pro se litigants." *Id.*, 893 F.3d 1027, 1032 (7th Cir. 2018).

In this case, Plaintiff's Eight Amendment deliberate indifference claim is straightforward and does not pose any complex state-of-mind or medical issue. Plaintiff alleges that Defendant Trotter exhibited deliberate indifference to his serious medical needs or failed to protect him because she was callous towards his deteriorating mental health, allowed other staff to issue disciplinary tickets to him during a time of mental health crisis, and ultimately provided him with an "ink pin" and encouraged him to attempt suicide. While Plaintiff argues in his motion that he lacks the legal knowledge and skills to obtain expert testimony, based on Plaintiff's factual allegations, an expert is not needed for Plaintiff to establish his Eight Amendment claim for deliberate indifference against Defendant Trotter. Likewise, Plaintiff's claims for retaliation and intentional infliction of emotional distress are straightforward and do not present any complex legal issues.

In support of his motion, Plaintiff filed an affidavit in which he states that he is on psychological medication, which causes sedation and impedes his ability to concentrate. (Doc. 46, 4). He further attaches to his motion excerpts of his medical record suggesting he has been diagnosed with ASPD and bipolar disorder. (Doc. 46, 9-14). Plaintiff further states that he only has some high school education and claims that he is unable to represent himself due to the complexity of the legal issues involved in this dispute, his limited access to legal resources, and his lack of legal knowledge. As set forth above, Plaintiff's claims do not present any complex legal issues. While the Court is sympathetic to Plaintiff's mental health diagnosis, it appears that said condition has not affected his ability to coherently present this case to the Court himself. Plaintiff has filed several motions and pleadings demonstrating his ability to effectively communicate with the Court and prosecute his case. (*See, e.g.*, Doc. 1, 2, 3, 12, 14, 16, 18, 35,

46, 47). Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. 46) is **DENIED** without prejudice.[1]

**Plaintiff's Motion to Object to Improper Discovery Request (Doc. 47).**

Plaintiff filed a Motion to Object to Improper Discovery Request (Doc. 47). He complains Defendant Trotter served him twice with interrogatories and requests for production that were erroneously addressed to or seeking information for non-parties to this case. Specifically, Plaintiff objects to Defendant Trotter's requests for production of documents because the document is erroneously addressed to "plaintiff, CLARENCE BRITTEN."[2] (Doc. 47, 5-8). Further, Plaintiff objects to Defendant Trotter's First Set of Interrogatories because it seeks, in its entirety, information specifically about the injury or harm Plaintiff claims was caused by "defendant Sherri Buettner," also not a party to this case. (Doc. 47, 9-17). Plaintiff claims that Defendant Trotter's erroneous discovery requests purport to harass him and cause him unnecessary litigation expenses. (Doc. 47, 2). He filed the motion to object on record and in anticipation of a future motion to compel by Defendant Trotter. (*Id.*). Defendant Trotter did not respond to Plaintiff's motion.

Rule 26 of the Federal Rule of Civil Procedure provides that the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

---

[1] While not raised in Plaintiff's Motion to Appoint Counsel, Plaintiff filed a separate discovery dispute motion in which he argues appointment of counsel is warranted because his incarceration and IDOC's internal security policies impede his ability to interview and depose certain inmates. (Doc. 47). Plaintiff does not provide sufficient information for the Court to evaluate this argument. For instance, he does not explain who the relevant inmate witnesses are, what information he wishes to obtain from them, if they are incarcerated at the same facility, and which IDOC's internal security policies prohibit the deposition of those witnesses.

[2] The relevant document is mistitled as "Defendant Lindsey Trotter's First Set of Interrogatories to Plaintiff" but contains requests for production of documents pursuant to Federal Rule of Civil Procedure 34.

burden or expense, including "forbidding the disclosure of discovery" and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." FED.R.CIV.P. 26(c)(1).  Further, the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED.R.CIV.P. 26(c)(1).  The parties have a duty to "base [their] discovery objections on a good faith belief in their merit" and "not object solely for the purpose of withholding or delaying the disclosure of relevant information." *Thompson v. Fajerstein*, No. 08 CV 3240, 2010 WL 4628515, at *5 (N.D. Ill. Nov. 8, 2010).

    Here, at first glance, Defendant Trotter's First Set of Interrogatories appears not to be relevant to this case as it seeks, in its entirety, information about Plaintiff's claim against defendant Sherri Buettner, who is not a party to this case.  Likewise, Defendant Trotter's requests for production of documents can be deemed irrelevant or confusing in that they misidentify Plaintiff.  At the same time, there is nothing in the record to suggest that the misidentification of the parties was not an inadvertent mistake but was made for the purpose of harassing Plaintiff.  Further, in light of the duty to conduct discovery in good faith, Plaintiff could have construed the relevant discovery requests as referring to the actual parties in this case and provided his responses to the best of his knowledge and ability.  Considering, however, that Plaintiff is a pro se party with no legal experience and in light of Defendant Trotter's failure to respond to Plaintiff's motion, the Court will exercise its discretion pursuant to Local Rule 7.1(a)(5) and deem Defendant Trotter's lack of response as consent to Plaintiff's requested relief.  SDIL-LR 7.1(a)(5).  Accordingly, Plaintiff's objections to Defendant Trotter's First Set of Interrogatories and Requests for Production of Documents are **SUSTAINED**.