IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONNIE GULLY, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-2816-RJD |
| | ) | |
| | ) | |
| LINDSEY TROTTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

**DALY, Magistrate Judge:**[1]

Plaintiff Ronnie Gully, Jr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1; Doc. 19, p. 1). In the Complaint, Gully alleges the Defendants violated his rights via a disciplinary hearing, his subsequent housing in segregation, and associated mental health issues. (*Id.*). He seeks monetary compensation. (*Id.*).

Following threshold review of the Complaint, Plaintiff was allowed to proceed on the following claims:

> **Claim 2:** First Amendment retaliation claim against Attebury;[2]
>
> **Claim 3:** Eighth Amendment deliberate indifference claim against Trotter for her handling of Gully's mental health and suicidal behavior; and

---

[1] This matter has been assigned to the undersigned to conduct all proceedings, including the trial and final entry of judgment, through the parties' consent pursuant to 28 U.S.C § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 34).

[2] The Clerk is **DIRECTED** to **UPDATE** the docket sheet to reflect Defendant's full name: Nathan Attebury.

      **Claim 6:**    **Intentional Infliction of Emotional Distress by Defendants Trotter and Attebury.**

(Doc. 19, pp. 5-6, 14). This matter is now before the Court on the parties' various motions, to which the Court rules as follows.

**Plaintiff's Motion to Appoint Counsel (Doc. 56)**

While there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

In his affidavit in support of his motion, Plaintiff states that he reached out to seven attorneys to represent him in this matter to no avail. (Doc. 56, p. 4). The Court finds that Plaintiff has made reasonable attempts to obtain counsel on his own. As to the second prong of the test, the Court finds that the complexities of this case at this juncture exceed Plaintiff's ability to litigate it himself. Plaintiff proceeds on three counts against two Defendants. While his First Amendment claim of retaliation is straightforward, his Eighth Amendment claim of deliberate indifference as to his mental health and suicidal behavior can impose more complex legal questions. The Seventh Circuit has noted that "[a]s the case moves beyond the pleading stage, into discovery, and closer to trial, plaintiffs in deliberate indifference cases "face an increasingly complex set of demands" in that they have to identify and present the right type of evidence to demonstrate defendants' state

of mind. *McCaa v. Hamilton*, 893 F.3d 1027, 1032 (7th Cir. 2018) (citation and quotation marks omitted). Further, Plaintiff has alleged that he faces serious mental health issues and that he has also sustained injuries that limit his ability to litigate this case on his own. He has further been transferred to another correctional center, which inhibits his ability to examine witnesses and conduct discovery.

Accordingly, the Court finds it necessary to recruit an attorney to represent Plaintiff in this matter. Plaintiff's Motion for Recruitment of Counsel (Doc. 56) is **GRANTED**. **IT IS HEREBY ORDERED** that, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(j) and 83.9(b), **Michael E. Donelson of the law firm of Fox Smith, LLC, St. Louis, Missouri**, is **ASSIGNED** to represent Plaintiff Ronnie Gully, Jr. in this civil rights case. On or before **May 2, 2025**, assigned counsel shall enter his appearance in this case. Attorney Donelson is free to share responsibilities with an attorney in his firm who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him to allow counsel an opportunity to review the court file. The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Donelson. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses up to $5,000, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.[3] Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case. The Court has no authority to pay attorney's fees in this case. However, if, after the assignment, counsel discovers that Plaintiff can pay for legal services in whole or in part, counsel shall bring that information to the Court's attention. *See* SDIL-LR 83.14(a).

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. The Uptown People's Law Center website also contains information and resources.

As of this date, Plaintiff's contact information is:

Ronnie Gully, Jr
B88170
MENARD CORRECTIONAL CENTER
711 Kaskaskia Street

---

[3] https://www.ilsd.uscourts.gov/Forms/AdminOfDistrictCourtFund.pdf.

      PO Box 1000
      Menard, IL 62259

In light of the appointment of counsel, the Court **DENIES** without prejudice Plaintiff's pending motions. The assigned counsel will evaluate Plaintiff's case and determine any further course of action, including the renewal of those motions.

**Defendant Attebury's Motion for Plaintiff to Update his Address or, in the Alternative, to Dismiss the Case (Doc. 54).**

Defendant Attebury filed a motion advising the Court that Plaintiff had been transferred to Menard for nearly six months and had failed to update his address in the Court's system. Defendant asked that the Court order Plaintiff to update his address or for the Court to dismiss the case for failing to do so. Soon thereafter, Plaintiff filed two notices of change of address, advising the Court of his transfer to Menard. (Docs. 55 & 57). Accordingly, Defendant Attebury's Motion for Plaintiff to Update his Address or, in the Alternative, to Dismiss the Case (Doc. 54) is **DENIED** as moot.

**Defendants' Joint Motion for Extension of Time to File *Daubert* and Dispositive Motions (Doc. 58), Defendant Attebury's Motion for Extension of Time to File *Daubert* and Dispositive Motions (Doc. 66), Defendant Trotter's Motion for Summary Judgment (Doc. 61) & Defendant Attebury's Motion for Summary Judgment and Memorandum in Support Thereof (Doc. 67)**

Based on the Amended Scheduling Order, discovery in this case was due by December 2, 2024, and *Daubert* and dispositive motions were due by January 2, 2025. (Doc. 51). On December 26, 2024, Defendants filed a joint motion seeking an extension of time, up to and including January 23, 2025, to file *Daubert* and dispositive motions. (Doc. 58). On January 23, 2025, Defendant Attebury filed a second motion for extension of time up to January 27, 2025, to file *Daubert* and dispositive motions. (Doc. 61). Defendant Trotter and Attebury filed their motions for summary

judgment on January 16, 2025, and January 24, 2025, respectively. (Docs. 61 & 67). Prior to and subsequent to the filing of Defendants' motions for summary judgment, Plaintiff filed several discovery motions accusing Defendants of withholding discovery and of spoliation of evidence. (*See* Docs. 52, 59, 75, 76 & 79). Because the complexity of this case, including the issues raised in Plaintiff's discovery motions, exceeds Plaintiff's ability to litigate this case on his own, and in light of Attorney Donelson's appointment, the Court finds it appropriate to reopen discovery in this case. Accordingly, Defendants' Motions for Summary Judgment (Docs. 61 & 67) are **DENIED without prejudice** as premature. The current trial setting is **VACATED**. Upon entry of Attorney Donelson's appearance, the Court will enter a new scheduling order resetting all deadlines and hearings. Defendants' Joint Motion for Extension of Time to File *Daubert* and Dispositive Motions (Doc. 58) and Defendant Attebury's Motion for Extension of Time to File *Daubert* and Dispositive Motions (Doc. 66) are **DENIED as moot**.

## Conclusion

For the reasons set forth above, Plaintiff's Motion to Appoint Counsel (Doc. 56) is **GRANTED**. Plaintiff's Emergency Motion for Spoliation (Doc. 52), Motion to Compel Discovery (Doc. 59), Motion to Deny Extension of Time for Dispositive Motions (Doc. 60), Motion for Judicial Hearing & Notice & "Obstruction of Justice"/Seeking Compelling Discovery & Forfeiture of any dispositive Motions on Behalf of the Defense & that Counsel (Doc. 65), Motions for Extension of Time to File Response to Defendants' Motions for Summary Judgment (Docs. 70 & 72), Motion for Judicial Notice to Revisit Appointment of Counsel by Ronnie Gully, Jr. (Doc. 75), Motion for Sanctions (Doc. 76), Motion for Judicial Notice (Doc. 78), and Defendants' Motions for Summary Judgment (Docs. 61 and 67) are **DENIED without prejudice**.

Defendants' Joint Motion for Extension of Time to File *Daubert* and Dispositive Motions (Doc. 58) and Defendant Attebury's Motion for Extension of Time to File *Daubert* and Dispositive Motions (Doc. 66) are **DENIED as moot**. Defendant Attebury's Motion for Plaintiff to Update his Address or, in the Alternative, to Dismiss the Case (Doc. 54) is **DENIED**.

Attorney Donelson to enter his appearance by **May 2, 2025.** The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Donelson. The trial and pre-trial conference dates, as well as the discovery and dispositive motion deadlines, are **VACATED** and will be reset once Attorney Donelson enters his appearance.

**IT IS SO ORDERED.**

**DATED: April 18, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**