IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONNIE GULLY, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-2816-RJD |
| | ) | |
| | ) | |
| LINDSEY TROTTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:[1]**

This matter comes before the Court on Plaintiff's Motion to Reopen Discovery for a Limited Purpose (Doc. 116). For the reasons explained below, the motion is **DENIED**.

Plaintiff Ronnie Gully, Jr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1; Doc. 19, p. 1). In the Complaint, Gully alleges the Defendants violated his rights via a disciplinary hearing, his subsequent housing in segregation, and associated mental health issues. (*Id.*). He seeks monetary compensation. (*Id.*).

Following threshold review of the Complaint, Plaintiff was allowed to proceed on the following claims:

**Claim 2:      First Amendment retaliation claim against Attebury;**

---

[1] This matter has been assigned to the undersigned to conduct all proceedings, including the trial and final entry of judgment, through the parties' consent pursuant to 28 U.S.C § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 34).

**Claim 3:**    **Eighth Amendment deliberate indifference claim against Trotter for her handling of Gully's mental health and suicidal behavior; and**

**Claim 6:**    **Intentional Infliction of Emotional Distress by Defendants Trotter and Attebury.**

(Doc. 19, pp. 5-6, 14).

On April 18, 2025, the Court assigned Attorney Michael E. Donelson to represent Plaintiff in this case. (Doc. 81). Attorney Donelson entered his appearance on April 28, 2025. (Doc. 83). On May 27, 2025, this Court entered an Amended Scheduling Order. (Doc. 86). The discovery deadline was reset to November 28, 2025, and the dispositive and *Daubert* motions deadline was set on December 29, 2025. *Id*. Thereafter, the Court further extended the discovery and dispositive motions deadlines to January 27, 2026, and February 20, 2026, respectively. (Doc. 92). Defendants filed their dispositive motion on February 20, 2026. (Doc. 96). On May 19, 2026, Plaintiff filed this pending motion, seeking to reopen discovery for the limited purpose of disclosing a fact witness, Anthony Moore, IDOC #B89108. (Doc. 116). Defendants oppose the motion. (Doc. 117).

A scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16. A primary consideration in determining whether good cause exists is the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). The court may also consider the following factors: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that discovery will lead to relevant evidence." *Sonrai Sys. v. Romano*, No. 16 C 3371, 2021 WL 12318777, at *3 (N.D. Ill. Jan. 20, 2021) (quoting

*Webber v. Butner*, No. 16 CV 01169, 2019 WL 6213143, at *2 (S.D. Ind. Nov. 21, 2019), *quoting*

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017)).

Considering these factors, reopening of discovery is not warranted in this case. First, Plaintiff does not provide any justification for the delay in the disclosure of the fact witness. Plaintiff's counsel states in the motion that, when he spoke to Mr. Moore prior to the close of discovery, he was hesitant as to whether Mr. Moore would testify at trial on Plaintiff's behalf, but Plaintiff "has recently requested that Mr. Moore testify" at trial. (Doc. 116, p. 2). Further, Defendants state that Mr. Moore's deposition was scheduled to take place on January 20, 2026, but was subsequently canceled by Plaintiff's counsel. Plaintiff's change of strategy, without more, is not a good cause for reopening discovery nearly four months after the extended deadline.

Further, Plaintiff claims that reopening of discovery is warranted because the trial is not imminent. However, this case is less than four months away from the eve of trial, and dispositive motions have already been filed. Plaintiff further argues that Defendants will not be prejudiced because the dispositive motion has already been fully briefed and no further discovery as to the disclosed witness will be needed. However, as Defendants correctly point out in their motion, granting the motion would unfairly prejudice them because it would allow "the reopening of discovery at a time when Plaintiff has already had the opportunity to review Defendants' arguments on summary judgment." *Crivilare v. Union Pac. R. R. Co.*, 2023 U.S. Dist. LEXIS 218361, 8-9. *Id.*

Accordingly, the Court finds that Plaintiff has failed to show good cause to reopen discovery and that the circumstances in this case do not justify the exercise of the Court's discretion to that effect.

**Conclusion**

For the reasons set forth above, Plaintiff's Motion to Reopen Discovery for a Limited Purpose (Doc. 116) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 18, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**